UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **EMILE DANIEL RICHARD** | **CIVIL ACTION NO. 6:15-cv-1829** |
|     LA. DOC #598267 | |
| VS. | **SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **WARDEN TERRY TERRELL** | **MAGISTRATE CAROL B. WHITEHURST** |

REPORT AND RECOMMENDATION

    Utilizing the form provided to prisoners in this District seeking *habeas corpus* relief pursuant to 28 U.S.C. §2254, *pro se* petitioner Emile Daniel Richard, an inmate in the custody of Louisiana's Department of Corrections, filed the instant pleading with the Court on June 3, 2015. Petitioner seeks review of the Louisiana Supreme Court's judgment dismissing his disciplinary complaint against the lawyer who represented him in the criminal prosecution that resulted in his conviction, sentence, and current incarceration. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Statement of the Case*

    Petitioner is an inmate in the custody of Louisiana's Department of Corrections. He is serving consecutive sentences totaling 25 years imposed by the Fifteenth Judicial District Court following his April 2012 convictions for three counts of molestation of juveniles. On February 22, 2014 he filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 arguing claims of ineffective assistance of trial counsel. That civil action remains pending in this Court. *See*

*Emile Daniel Richard v. Warden Timothy Morgan*, Civil Action No. 6:14-cv-3501.

On some unspecified date petitioner lodged a complaint with the Louisiana Attorney Disciplinary Board (LADB) with regard to Mr. Register's representation during the criminal proceedings. His complaint was apparently investigated and rejected by the LADB and petitioner filed a *pro se* "petition for leave to appeal" in the Louisiana Supreme Court asking the Court to "review and investigate complainant's claims and facts" and "issue a corrective ruling upon its findings and review..." [Doc. 1-2, pp. 3-6] On March 6, 2014 the Supreme Court denied leave to appeal. *In re: Appeal of the Decision of the Disciplinary Board No. 14-PDB-071*, 2014-OB-2675 (La. 3/6/2015), 161 So.3d 4. [See also Doc. 1-2, p. 2]

Petitioner then filed the instant petition in this Court on June 3, 2015. The petition alleges violations of the "Rule of Performance of Indigent Defense per La. Supreme Ct. Codes and La. Attorney Board Codes" [Doc. 1, ¶12 and pp. 15-19] and concludes with asking the Court to "overturn[ ] La. Supreme Court ruling finding counsel negligent in his duties and representation, fine and suspend by Louisiana Attorney's Board..." [Doc. 1, p. 14 and 20]

## *Law and Analysis*

The instant petition was filed pursuant to 28 U.S.C. §2254. "It is clear, not only from the language of §§ 2241(c)(3)[1] and 2254(a)[2], but also from the common-law history of the writ, that

---

[1] Title 28 U.S.C. §2241(c)(3) provides, in pertinent part, "The writ of *habeas corpus* shall not extend to a prisoner unless – He is in custody in violation of the Constitution or laws or treaties of the United States;..."

[2] Section 2254 likewise provides, "... a district court shall entertain an application for a writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

the essence of *habeas corpus* is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1972). Here, petitioner does not attack the legality of his custody; nor does he seek to secure his release from custody. Instead, he seeks reinstatement of the attorney disciplinary proceedings that were rejected by the LADB and ultimately by the Louisiana Supreme Court. Indeed, it appears that petitioner is of the mistaken belief that this Court exercises supervisory jurisdiction over the LADB and the Louisiana Supreme Court with regard to the licensing of attorneys and their eligibility to practice law in the Courts of this State. That, of course, is not the case. A Federal district court does not "sit as a super supreme court to review error under state law." *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir.1983).

This petition clearly fails to state a claim for which relief may be granted and dismissal on that basis is appropriate.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

**THUS DONE AND SIGNED** in Lafayette, Louisiana this 30th day of September, 2015.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE